IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARLES E. DUFFY, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 19-1512-RGA |
| | : | |
| TRUMAN MEARS, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : : : | |
| | : | |
| Respondent. | : | |

_____

**MEMORANDUM**

Petitioner Charles Duffy pled guilty to one count of violation of privacy on January 12, 2018. (D.I. 1 at 16) On April 13, 2018, the Delaware Superior Court sentenced him as a habitual offender to six years at Level V, with credit for 217 days served. (D.I. 11 at 1-2) Although Petitioner initially filed a notice of appeal, he subsequently voluntarily withdrew his appeal. (D.I. 1 at 3-4)

In August 2019, Petitioner filed a § 2254 Petition asserting the following four grounds for relief: (1) the police violated his *Miranda* rights; (2) defense counsel provided ineffective assistance; (3) he was illegally and excessively sentenced as a habitual offender; and (4) the State and Superior Court improperly enhanced his class G non-violent felony to a class A violent felony. (D.I. 1 at 7-12) On March 6, 2020, the State filed an Answer in opposition, arguing that Claims One, Three, and Four should be denied as procedurally barred, and Claim Two should be denied for failing to satisfy the deferential standard of § 2254(d). (D.I. 11 at 8-14) On July 9, 2020, Petitioner filed a "Motion for Leave to File an Amended Complaint to Petitioner's Reply

1

Brief" (D.I. 18), which actually requests to amend his Petition, not his Reply Brief. More specifically, Petitioner seeks to add an additional argument asserting that his 2018 sentence as a habitual offender to six years of imprisonment is illegal, because a July 9, 2016 amendment to the habitual offender statute under which he was sentenced – 11 Del. Code § 4214(a) – eliminated mandatory life sentences for habitual offenders. (D.I. 18 at 2) Petitioner contends that the Superior Court "did not have jurisdiction to […] sentence [him] under [§ 4214(a)]" because the statute no longer exists. *Id.* He also asserts that the 2016 amendment to § 4214(a) constitutes "newly discovered evidence." (D.I. 18 at 2) The State asks the Court to deny the Motion for Leave to Amend because the amendment is futile and allowing the amendment would be prejudicial to the State. (D.I. 19 at 3-4)

## I. LEGAL STANDARDS

Amendments to habeas petitions are governed by Federal Rule of Civil Procedure 15. *See United States v. Duffus*, 174 F.3d 333, 336 (3d Cir. 1999). Since federal habeas corpus actions are subject to a one-year statute of limitations, a motion to amend a timely filed habeas petition "will be denied where it is filed after the [limitations] period expires unless the proposed amendment relates back to the date of the original pleading within the meaning of [Rule 15(c)]." *Howard v. United States*, 533 F.3d 472, 475–76 (6th Cir. 2008). Rule 15(c) permits relation-back of a proposed amendment to a habeas petition when both the pleading and the proposed amendment arise out of the same "conduct, transaction, or occurrence." Fed. R. Civ. P. 15(c)(1)(B). In the habeas context, an amendment relates back to a habeas petition under Rule 15(c) "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 664 (2005). A claim will not relate back, however, to the extent that it "asserts a new ground for relief supported by facts that differ in

both time and type from those the original pleading set forth." *Id*. at 650.  As explained by the Third Circuit:

> In searching for a common core of operative facts in the two pleadings, courts should remain aware that the touchstone for relation back is fair notice, because Rule 15(c) is premised on the theory that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide.  Thus, only where the opposing party is given fair notice of the general fact situation and the legal theory upon which the amending party proceeds will relation back be allowed.  For example, we have held that amendments that restate the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction, or occurrence in the preceding pleading fall within Rule 15(c) because the opposing party will have had sufficient notice of the circumstances surrounding the allegations contained in the amendment.

*United States v. Santarelli*, 929 F.3d 95, 101 (3d Cir. 2019) (cleaned up and citations omitted).

A court may also deny leave to amend where the amendment would be futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Middlebrook v. Carroll*, 470 F. Supp. 2d 411, 419 (D. Del. 2007), *aff'd*, 293 F. App'x 858 (3d Cir. 2008).  An amendment is futile if the proposed pleading could not withstand a motion to dismiss.  *See City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 278 (3d Cir. 2018).  Examples of futility in the habeas context include procedurally barred amendments, amendments lacking arguable merit, and, once again, time-barred amendments that do not relate back to the original petition.  *See Bernard v. United States*, 2019 WL 3719405, at *2 (D.N.J. Aug. 5, 2019) (noting that amending with time-barred claim that does not relate back would be futile); *Hall v. Phelps*, 641 F. Supp. 2d 334, 342 (D. Del. 2009).

## II.     DISCUSSION

Here, although the Petition is timely, Petitioner filed his Motion for Leave to Amend after the expiration of AEDPA's limitations period.  Consequently, the Motion must be denied as time-barred, unless the proposed amendment relates back to a claim in the timely-filed Petition.

Claim Three of the Petition specifically challenges the application of the habitual offender statute to Petitioner's case, in that he asserts he was illegally and excessively sentenced as a habitual offender because his conviction for violation of privacy did not amount to a conviction for a violent felony.  (D.I. 2 at  2-9)  Petitioner's proposed amendment also challenges the application of the habitual offender statute to his case.  Petitioner asserts, "On July 9, 2016, the Delaware General Assembly revamped statute 4214 and eliminated mandatory life sentences for habitual offenders."  (D.I. 18 at 2)  He then contends  that the Superior Court lacked jurisdiction to sentence him in 2018 pursuant to a habitual offender statute he alleges did not exist at that point in time, because the habitual offender statute had been amended in 2016.

Given these circumstances, the relevant inquiry is whether the proposed amendment relates back to original Claim Three. Since both Claim Three and the proposed amendment challenge the application of the habitual offender statute to the circumstances of Petitioner's case, an argument can be made that the "new claim is based on the same facts as the original pleading and only changes the legal theory." *Mayle*, 545 U.S. at 664 & n.7.  Yet, the Court finds that Petitioner's timely Claim Three and his untimely proposed amendment are distinct enough to conclude that the untimely proposed amendment does not relate back.  Since a jurisdictional challenge differs from a challenge to the underlying felony triggering the application of the habitual offender statute, the State was not provided fair notice of the argument in Petitioner's proposed amendment.

4

Nevertheless, even if the proposed amendment were treated as timely, it lacks arguable merit. As explained by the State,

> [Petitioner] is correct that Delaware's habitual offender sentencing scheme was amended effective July 19, 2016. But, when [Petitioner] was sentenced in 2018 for the crime he committed in 2017, Delaware law, as amended, provided that "[a]ny person who has been 3 times convicted of any felony . . . and who shall thereafter be convicted of a subsequent felony is declared to be an habitual criminal. The court, upon the state's petition . . . may, in its discretion, impose a sentence of up to life imprisonment . . . ." The Superior Court, with [Petitioner's] agreement, sentenced [Petitioner] under this provision. [Petitioner's] claim as filed was properly decided on independent and adequate state law grounds. His proposed amendment changes nothing.

(D.I. 19 at 3) (quoting 11 Del. C. § 4214(a) (eff. Apr. 13, 2017)  Petitioner was arrested on September 9, 2017, entered a guilty plea on January 12, 2018, and was sentenced on April 13, 2018.  (D.I. 12-2 at 2-3; D.I. 12-3 at 1; D.I. 12-4 at 6)  The habitual offender statute pursuant to which he was sentenced – and to which the State cites – was effective on April 13, 2017.  *See* 11 Del. C. § 4214 (a) (eff. Apr. 13, 2017).  Based on the foregoing, the Court will deny Petitioner's Motion for Leave to Amend as futile.

### III. CONCLUSION

For the reasons set forth above, the Court will deny Petitioner's Motion for Leave to Amend.  A separate Order will be entered.

February 3, 2021                                             /s/ Richard G. Andrews  _____
                                                             UNITED STATES DISTRICT JUDGE

5