IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CHARLES E. DUFFY,                          :
                                           :
                    Petitioner,            :
                                           :
        v.                                 :        Civil Action No. 19-1512-RGA
                                           :
ROBERT MAY, Warden, and                    :
ATTORNEY GENERAL OF THE                    :
STATE OF DELAWARE,                         :
                                           :
                    Respondents.           :

---

## **MEMORANDUM OPINION**

Charles E. Duffy. *Pro se* Petitioner.

Sean P. Lugg, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware.  Attorney for Respondents.

August 31, 2022
Wilmington, Delaware

ANDREWS, UNITED STATES DISTRICT JUDGE:

Presently pending before the Court is Petitioner Charles E. Duffy's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1)  The State filed an Answer in opposition, to which Petitioner filed a Reply. (D.I. 11; D.I. 17)  For the reasons discussed, the Court will dismiss the Petition.

## I. BACKGROUND

On September 9, 2017, a witness saw Petitioner following a woman throughout the Dollar Store in Georgetown, Delaware and placing his cell phone under her skirt when her back was turned. (D.I. 12-2 at 3)  The witness informed the Dollar Tree management about Petitioner's actions, and management instructed him to leave the store. (*See id.*)  The witness followed Petitioner into the parking lot, and noted that it looked like Petitioner was deleting photos from his cell phone.  Petitioner left the scene in a white Mercury Sable. (*See id.*)

The Georgetown Police Department was notified about Petitioner's conduct and, when a police patrolman arrived at the Dollar Tree, the manager informed him that that Petitioner was a regular customer. (*See id.*)  After learning Petitioner's address and that he operated a white Mercury Sable, police units found Petitioner at his residence and took him into custody.  The police informed Petitioner about his rights under *Miranda v. Arizona*, 384 U.S. 486 (1966), at which point Petitioner told investigators that he used his cell phone to take pictures of the victim's private parts. (*See* D.I. 12-2 at 3)

On January 12, 2018, Petitioner pled guilty in the Delaware Superior Court to one count of violation of privacy. (D.I. 12-3 at 15-16)  The Superior Court sentenced Petitioner on April 13, 2018 as an habitual offender to six years at Level V incarceration with credit for time served. *See Duffy v. State*, 214 A.3d 443 (Table), 2019 WL 3491788, at *1 (Del. July 31, 2019).

Petitioner filed a notice of appeal but withdrew the appeal before a briefing schedule was issued. *See id.*

Petitioner filed a motion for modification of sentence on June 4, 2018, which the Superior Court denied on June 6, 2018. (D.I. 12-1 at Entry Nos. 37, 38)  In July 2018, Petitioner filed a *pro se* motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 12-1 at Entry No. 39; D.I. 12-5 at 1-18)  The Superior Court denied the Rule 61 motion in August 2018, and the Delaware Supreme Court affirmed that decision on February 5, 2019. (D.I. 12-1 at Entry Nos. 39, 42, 52); *see also State v. Duffy*, 2018 WL 4002244, at *2 (Del. Super. Ct. Aug. 15, 2018);  *Duffy v. State*, 204 A.3d 113 (Table), 2019 WL 459982, at *3 (Del. Feb. 5, 2019).

Petitioner filed a motion for correction of sentence in March 2019. (D.I. 12-1 at Entry No. 55)  The Superior Court denied the motion, and the Delaware Supreme Court affirmed that decision on July 31, 2019. *See Duffy,* 2019 WL 3491788, at *3.

## II.    GOVERNING LEGAL PRINCIPLES

### A. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). The AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or

2

> (B)(i)  there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *see Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).  A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting the court to consider the claims on their merits. *Bell v. Cone*, 543 U.S. 447, 451 n.3 (2005); *Castille v. Peoples,* 489 U.S. 346, 351 (1989).  A federal legal claim is "fairly presented" to state courts when there is: "(1) reliance on pertinent federal cases employing constitutional analysis; (2) reliance on state cases employing constitutional analysis in like fact situations; (3) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution; [or] (4) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *See Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000); *Teague v. Lane,* 489 U.S. 288, 297-98 (1989).  Although treated as technically exhausted, such claims are nonetheless procedurally defaulted. *See Lines,* 208 F.3d at 160; *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).  Similarly, if a petitioner presents a habeas

3

claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 750*; Harris v. Reed*, 489 U.S. 255, 260-64 (1989).

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *See Coleman,* 501 U.S. at 750-51; *McCandless,* 172 F.3d at 260. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show "that [the errors at trial] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *See Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). In order to establish actual innocence, the petitioner must present new reliable evidence – not presented at trial – that demonstrates "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."

4

*House v. Bell*, 547 U.S. 518, 537-38 (2006); *see Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir. 2002).

### B.  Standard of Review

If a state's highest court adjudicated a federal habeas claim on the merits, the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *See Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). The deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). As explained by the Supreme Court, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 99.

Finally, when reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. *See* 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact; it is only rebutted by clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Miller-El*

*v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in §
2254(e)(1) applies to "factual issues," whereas the unreasonable application standard of §
2254(d)(2) applies to "decisions"); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000);.

## III.   DISCUSSION

Petitioner's timely filed § 2254 Petition and Memorandum in Support assert the
following five claims: (1) the police violated Petitioner's rights under *Miranda* by continuing to
question him after he requested a lawyer (D.I. 1 at 7); (2) defense counsel provided ineffective
assistance by failing to: (a) file a suppression motion; (b) visit the crime scene; (c) interview the
witnesses and victim; (d) address the *Miranda* rights violation; and (e) address the illegal search
and seizure of Petitioner's cell phone (D.I. 1 at 9; D.I. 2 at 33); (3) Petitioner was illegally and
excessively sentenced as a habitual offender (D.I. 1 at 10; D.I. 2 at 4-9); (4) Petitioner's class G
non-violent felony was improperly enhanced to a class A violent felony due to his status as a
registered sex offender (D.I. 1 at 12); and (5) Petitioner's right to be protected against double
jeopardy was violated because the indictment was not sufficiently precise and included offenses
different from, and more serious than, those for which he was arrested (D.I. 2 at 2-3; D.I. 16 at 7-
10; D.I. 17 at 9-10).

### A.  Claims One, Three, Four, and Five: Procedurally Barred

The record reveals that Petitioner did not exhaust state remedies for Claims One, Three,
Four, and Five for two slightly different reasons.  First, Petitioner did not raise Claim Five's
insufficient indictment/double jeopardy argument to the Delaware Supreme Court on direct
appeal or post-conviction appeal.  (*See* D.I. 12-4; D.I. 12-5)  At this juncture, if Petitioner tried to
present Claim Five in a new Rule 61 motion, the motion would be barred as untimely under Rule

6

61(i)(1) and barred as successive under Rule 61(i)(2). *See Trice v. Pierce*, 2016 WL 2771123, at

*4 (D. Del. May 13, 2016); Del. Super. Ct. Crim. R. 61(i)(2) (barring second or successive

motions unless certain pleading requirements are satisfied). Although Rule 61(i)(1) provides for

an exception to the one-year time limitation if the untimely Rule 61 motion "asserts a

retroactively applicable right that is newly recognized after the judgment of conviction is final,"

no such right is implicated in the instant argument. Similarly, the exceptions to Rule 61(i)(1)'s

time-bar and 61(i)(2)'s successive bar contained in Rule 61(i)(5) and (d)(2) do not apply to

Petitioner's case, because he does not allege a credible claim of actual innocence, lack of

jurisdiction, or that a new rule of constitutional law applies to the instant argument. Given these

circumstances, the Court must treat Claim Five as exhausted but procedurally defaulted, meaning

that the Court cannot review the merits of the Claim absent a showing of cause and prejudice or a

miscarriage of justice.

Second, although Petitioner presented Claims One, Three, and Four in his Rule 61

motion, the Superior Court denied the three Claims as procedurally barred under Delaware

Superior Court Criminal Rule 61(i)(3). *See Duffy*, 2018 WL 4002244, at *1. The Delaware

Supreme Court affirmed that decision, explaining that the Superior Court properly found Claims

One, Three, and Four barred under Rule 61(i)((3) because Petitioner "did not raise these claims

on direct appeal of his conviction [and h]e did not attempt to establish cause for […] the

procedural default or actual prejudice."[1] *Duffy*, 2019 WL 459982, at *2. By applying the

---

[1]The Superior Court and the Delaware Supreme Court alternatively held that Petitioner waived
the arguments concerning errors that occurred prior to the entry of his guilty plea by entering a
knowing, intelligent, and voluntary guilty plea. *See Duffy*, 2018 WL 4002244, at *1; *Duffy*, 2019
WL 459982, at *2. Nevertheless, the state courts' alternative holding does not erase Petitioner's
procedural default. *See Harris*, 489 U.S. 264 n.10; *Cabrera v. Barbo*, 175 F.3d 307, 314 (3d Cir.
1999) (explaining that the Appellate Division's reference to the merits of the ineffective

procedural bar of Rule 61(i)(3), the Delaware Supreme Court articulated a "plain statement" under *Harris v. Reed*, 489 U.S. 255, 263-4 (1984) that its decision rested on state law grounds. This Court has consistently held that Rule 61(i)(3) is an independent and adequate state procedural rule effectuating a procedural default. *See DeAngelo v. Johnson*, 2014 WL 4079357, at \*12 (D. Del. Aug. 15, 2014); *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 451 (D. Del. 1998). Therefore, the Court cannot review the merits of Claims One, Three, and Four absent a showing of cause for the default, and prejudice resulting therefrom, or upon a showing that a miscarriage of justice will occur if the claim is not reviewed.

Petitioner attempts to establish cause for his default of Claims One, Three, Four and Five by blaming defense counsel's "misleading advice" to dismiss his appeal.  (D.I. 1 at 8, 9, 11, 12) Ineffective assistance provided by a trial and/or appellate attorney can constitute cause for a procedural default if the particular ineffective assistance allegation was presented to the state courts as an independent claim and it was determined that the attorney's error amounted to constitutionally ineffective assistance. *See Murray*, 477 U.S. at 488-89.  An ineffective assistance of counsel claim cannot constitute cause if the claim itself is procedurally defaulted. *See Edwards*, 529 U.S. at 451-52.

In this case, even though Petitioner presented the Delaware courts with ineffective assistance of counsel claims based on defense counsel's failure to pursue the arguments in Claims One, Three, and Four, defense counsel's performance cannot excuse Petitioner's default of Claims One, Three, and Four because defense counsel's actions did not amount to

---

assistance of counsel claim did not undermine the "conclusion that the state courts rejected Cabrera's claim on an independent and adequate state basis, as the comment at most was an alternative holding.").

constitutionally ineffective assistance. *See infra* at Section III.B. In contrast, since Petitioner did not present an ineffective assistance of counsel claim to the Delaware state courts that was premised on defense counsel's failure to raise the insufficient indictment/double jeopardy argument in Claim Five, this particular ineffective assistance allegation is procedurally defaulted. Consequently, defense counsel's alleged "misleading advice" cannot establish cause for Petitioner's default of Claim Five.

Petitioner's failure to establish cause eliminates the need to address prejudice. Nevertheless, Petitioner cannot demonstrate that he was prejudiced by the default of Claims One, Four, and Five because he waived any arguments based on those pre-plea claimed errors by knowingly and voluntarily entering a guilty plea. *See infra* at Section III.B. Petitioner also cannot demonstrate that he was prejudiced by the default of Claim Three (alleging that his habitual offender sentence was illegal and excessive) because of the substantial benefit he received by entering a guilty plea, namely, having the State recommend a seven-year sentence as a habitual offender versus potentially being sentenced to life in prison if convicted at trial. (*See* D.I. 12-3 at 4; D.I. 12-5 at 14)

Finally, Petitioner has not satisfied the miscarriage of justice exception to the procedural default doctrine, because he has not provided new reliable evidence of his actual innocence. Accordingly, the Court will deny Claims One, Three, Four and Five as procedurally barred from federal habeas review.

### B.  Claim Two:  Ineffective Assistance of Counsel

In Claim Two, Petitioner contends that defense counsel provided ineffective assistance by failing: (a) to file a suppression motion; (b) to visit the crime scene; (c) to interview the

witnesses and victim; (d) to address the *Miranda* rights violation; and (e) to address the illegal search and seizure of his cell phone. (D.I. 1 at 9; D.I. 2 at 9-12, 17)  Petitioner presented the allegations in Claim Two in his Rule 61 motion to the Superior Court and again on post-conviction appeal.  The Superior Court denied the allegations as meritless, and the Delaware Supreme Court affirmed that decision.  Therefore, Claim Two will only warrant relief if the Delaware Supreme Court's decision was either contrary to, or an unreasonable application of, clearly established federal law.

The clearly established Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny.  *See Wiggins v. Smith*, 539 U.S. 510 (2003).  Under the first *Strickland* prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance.  *See Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.*  In the context of a guilty plea, prejudice is established by showing there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have proceeded to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  A court can choose to address the prejudice prong before the deficient performance prong, and reject an ineffective assistance of counsel claim solely on the ground that the defendant was not prejudiced. *See Strickland*, 466 U.S. at 698.

10

Finally, in order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-60 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a strong presumption that the representation was professionally reasonable. *See Strickland*, 466 U.S. at 689.

Turning to the first prong of the § 2254(d)(1) inquiry, the Court notes that the Delaware Supreme Court correctly identified the *Strickland/Hill* standard applicable to Petitioner's ineffective assistance of counsel allegation. Consequently, the Delaware Supreme Court's decision was not contrary to clearly established federal law. *See Williams*, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

The Court must also determine if the Delaware Supreme Court reasonably applied the *Strickland/Hill* standard to the facts of Petitioner's case. When performing the second prong of the § 2254(d) inquiry, the Court must review the Superior Court's decision with respect to Petitioner's ineffective assistance of counsel Claim through a "doubly deferential" lens.[2] *See*

---

[2]As explained by the *Richter* Court,

> The standards created by Strickland and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is doubly so. The Strickland standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).

*Richter*, 562 U.S. at 105 (cleaned up).

11

*Richter*, 562 U.S. at 105.  The relevant question when analyzing counsel's performance under the "doubly deferential lens" "is not whether counsel's actions were reasonable, [but rather], whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*  In turn, when assessing prejudice under *Strickland*, the question is "whether it is reasonably likely the result would have been different" but for counsel's performance, and the "likelihood of a different result must be substantial, not just conceivable." *Id.*  Finally, when viewing a state court's determination that a *Strickland* claim lacks merit through the lens of § 2254(d), federal habeas relief is precluded "so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id.* at 101.

The Superior Court denied as meritless Petitioner's ineffective assistance allegations in Claim Two, opining:

> [Petitioner] made no showing to prove that his counsel acted below an objective standard of reasonableness when providing assistance at [his] plea hearing and sentencing. Nor can [Petitioner] show that, but for counsel's errors, he would have insisted on proceeding to trial. Moreover, the plea colloquy shows that [Petitioner] knowingly, intelligently, and voluntarily entered into the plea. [Petitioner] was aware of the rights he was giving up and the consequences of taking the plea. Defense counsel did not act improperly while representing [Petitioner].

*Duffy*, 2018 WL 4002244, at *2.  The Delaware Supreme Court affirmed that decision, holding:

> [Petitioner's] ineffective assistance claims are not supported by the record. [Petitioner] waived his *Miranda* claim and his challenges to the sufficiency of the evidence when he knowingly and voluntarily pled guilty. Given the multiple charges against him and his criminal history, the guilty plea provided [Petitioner] with a clear benefit. He faced multiple life sentences. Under the plea agreement, the State agreed to dismiss the other charges and cap its sentencing recommendation to seven years of Level V incarceration.

*Duffy*, 2019 WL 459982, at *2.

12

After reviewing the record, the Court concludes that the Delaware state courts did not unreasonably apply *Strickland* and *Hill* when rejecting the allegations in Claim Two. The transcript of Petitioner's January 12, 2018 plea colloquy contains his clear and explicit statements that he discussed his case with defense counsel and that he was satisfied with his counsel's representation. (D.I. 12-3 at 7) Petitioner also indicated that nobody forced him to enter a plea or promised anything that was not stated in the plea agreement. (D.I. 12-3 at 9) He affirmatively answered that he understood the plea constituted a waiver of all of his trial rights; that he understood the charges and evidence against him; that he had no questions about the plea form and that he had filled it out honestly; that he understood the potential penalties; and that he understood the State was seeking to have him declared a habitual offender. (D.I. 12-3 at 7-13)

"Solemn declarations in open court carry a strong presumption of verity," which creates a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). In this proceeding, Petitioner has failed to provide compelling evidence as to why the statements he made during the plea colloquy should not be presumptively accepted as true. Consequently, the Court concludes that the Delaware state courts reasonably determined the facts and reasonably applied *Blackledge* in holding that Petitioner was bound by the representations he made during the plea colloquy, and that his guilty plea was voluntary.[3]

Petitioner also cannot satisfy the prejudice prong of the *Strickland/Hill* standard. Petitioner faced a potential sentence of life imprisonment if he were convicted at trial. In

---

[3]Although the Delaware Supreme Court relied on state caselaw (*Somerville v. State*, 703 A.2d 629, 632 (Del. 1997)) instead of *Blackledge* when concluding that Petitioner was "bound by his representations during the guilty plea colloquy and in the Truth-in-Sentencing Guilty Plea Form," the state caselaw applied the same standard articulated in *Blackledge*. *Duffy*, 2019 WL 459982, at *2 n. 9.

exchange for his plea, "the State agreed to dismiss the other charges [against Petitioner] and cap its sentencing recommendation to seven years of Level V incarceration." *Duffy*, 2019 WL 459982, at *2. Given the clear benefit Petitioner derived by pleading guilty, Petitioner's instant assertions fail to demonstrate that he would have proceeded to trial but for defense counsel's actions.

Based on the foregoing, the Court concludes that the Delaware state courts reasonably applied *Strickland* and *Hill* in holding that the defense counsel's alleged errors did not constitute ineffective assistance. Accordingly, the Court will deny Claim Two for failing to satisfy § 2254(d).[4]

### C. Motion for Leave to File an Amended Petition

More than a year after the State filed its Answer, Petitioner filed a Motion for Leave to File an Amended Petition in order to add an argument that his "confession without independent evidence of the corpus delicti of the charge is insufficient to support a conviction." (D.I. 25 at 2) Petitioner contends that the State never introduced any "incriminating tangible evidence" and his confession was involuntary because he was intoxicated at the time of the police interrogation. (D.I. 25 at 4)

---

[4]Even if Petitioner's ineffective assistance of counsel allegations in Claim Two satisfied the *Strickland/Hill* standard, Claim Two would not warrant relief. As explained in the text of the Opinion, the record demonstrates that Petitioner's plea was knowing, voluntary, and intelligent. A criminal defendant's valid guilty plea waives all non-jurisdictional issues and claims "relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see Washington v. Sobina*, 475 F.3d 162, 165 (3d Cir. 2007). All of the ineffective assistance allegations in Claim Two involve non-jurisdictional issues that occurred prior to the entry of the guilty plea and do not challenge the voluntariness of the plea. Therefore, Petitioner waived his right to assert the ineffective assistance of counsel allegations in Claim Two.

14

Habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242.  Pursuant to Federal Rule of Civil Procedure 15(a)(2), Petitioner may only amend his Petition with the State's consent or the Court's leave. Although courts "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), courts may nevertheless deny a motion to amend when the amendment would be futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *United States v. Duffus*, 174 F.3d 333, 337 (3d Cir. 1999).  Examples of futility in the habeas context include time-barred amendments that do not relate back to the original petition, procedurally barred amendments, and amendments lacking arguable merit.  *See Bernard v. United States*, 2019 WL 3719405, at *2 (D.N.J. Aug. 5, 2019) (noting that amending with time-barred claim that does not relate back would be futile); *Hall v. Phelps*, 641 F. Supp. 2d 334, 342 (D. Del. 2009).

The State opposes Petitioner's proposed amendment.  (D.I. 26)   Further, the Court concludes that permitting the proposed amendment would be futile because the underlying argument lacks merit.  For instance, as previously explained, Petitioner's voluntary guilty plea waives all non-jurisdictional issues and claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  *See supra* at Section III.B. n.4.  Since Petitioner's proposed amendment concerns a confession that occurred before Petitioner entered his voluntary plea, the argument is waived.  Thus, the Court will deny Petitioner's Motion for Leave to File an Amended Petition as futile.

## IV.    CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability.  *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2).

A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, when a district court denies a habeas claim or petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484.

The Court has concluded that the instant Petition does not warrant relief. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## V.   CONCLUSION

For the reasons discussed, the Court will deny the Petition and pending Motion without holding an evidentiary hearing. An appropriate Order will be entered.

16